IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| KYLE VERMES<br>8338 Metcalf Avenue<br>Overland Park, KS 66212 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Case No. |
| v. | )<br>) | |
| HOME DEPOT U.S.A., INC.<br>Serve Registered Agent:<br>    Corporation Service Company<br>    2900 SW Wanamaker Drive<br>    Suite 204<br>    Topeka, KS 66614<br><br>    and<br><br>AS AMERICA, INC.<br>Serve Registered Agent:<br>    CT Corporation System<br>    120 South Central Avenue<br>    Clayton, MO 63105 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Kyle Vermes, and for his causes of action against Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff Kyle Vermes is a citizen and resident of the State of Kansas, residing at the address stated above.

2. Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot") is and at all relevant times was a Delaware corporation. Defendant Home Depot's registered agent for service

of process is Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

3. Defendant AS America, Inc. (hereinafter "American Standard") a Delaware corporation. Defendant American Standard's registered agent for service of process is CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens and residents of different states; and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the Defendants conduct business in this district and are subject to personal jurisdiction in this judicial district. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a) because it is where a substantial part of the events or omissions giving rise to the claim occurred, including the underlying accident and injuries.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all times herein mentioned, Defendant Home Depot was and is an operator of store #2209 located at 8000 West 135th Street, Overland Park, Johnson County, Kansas 66223 (hereinafter "Overland Park Home Depot").

7. At all times herein mentioned, the Overland Park Home Depot was open to the public and was open for business at the time of the incident in question.

8. On or about July 8, 2018, Plaintiff was a valid invitee of the Overland Park Home Depot and was shopping for a toilet at that place of business in an area of the store which was open to invitees.

9. At the Overland Park Home Depot, Defendant Home Depot displayed American Standard toilets packaged in cardboard boxes which were kept on a shelving unit. The toilets were stacked two boxes high. Each box had handles on the sides which were designed to be used to lift the box.

10. Plaintiff selected an American Standard toilet and attempted to lift the box off of the box above which it was stacked.

11. As Plaintiff was lifting the box, the bottom of the box failed, and the toilet fell through the box and landed directly on Plaintiff's left foot.

12. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe, permanent, and progressive injuries and damages, including without limitation some or all of the following:

   a. Pain and suffering;

   b. Broken first toe on left foot;

   c. Broken second toe on left foot;

   d. Past and future physical distress;

   e. Past and future medical and/or hospital related expenses;

   f. Past and future mental anguish and loss of enjoyment of life; and/or

   g. Future risk of pain and progression of the injuries, including arthritis.

### COUNT I – NEGLIGENCE
**Defendant Home Depot**

13. Plaintiff adopts and incorporates by reference all other paragraphs as though fully set forth herein.

14. Defendant Home Depot owed a duty to the invitees of the Overland Park Home Depot to provide them with a safe shopping environment where items they lifted would not fall through their packaging.

15. Defendant Home Depot breach that duty and was negligent individually, or by the actions of its agents, in the following respects:

   a. Stocking the toilet in a display when it knew or through the exercise of reasonable care should have known that it was packaged in a manner that was insufficient to keep the toilet from falling through the packaging when lifted by a potential buyer, such as Plaintiff;

   b. Failing to reasonably inspect the packaging of the toilet before placing it on display;

   c. Failing to reasonably inspect the packaging after placing it on display;

   d. Failing to reasonably maintain the packaging of the toilet;

   e. Failing to provide adequate assistance to Plaintiff so that Plaintiff could be assisted in safely obtaining the toilet;

   f. Failing to adopt and implement proper merchandise handling and storage policies and procedures so that merchandise could be safely obtained by its customers; and

   g. Failing to ensure that merchandise which had damaged or defective packaging that could fail was properly labeled to warn customers of the danger.

16. As a direct and proximate result of Defendant Home Depot's negligence and carelessness, Defendant Home Depot caused and/or contributed to cause serious, permanent, and

progressive injuries, mental anguish, and other damages to Plaintiff for which he has and may continue to need medical care and treatment.

17. As a direct and proximate result of Defendant Home Depot's negligence and carelessness, Plaintiff has incurred, and may in the future incur, medical expenses, the exact amount of which cannot be determined at this time.

18. By reason of the foregoing, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past, present, and future injuries, pre-judgment and post-judgment interest, reasonable expenses and costs, and for all other just and appropriate relief.

### COUNT II – NEGLIGENCE
### Defendant American Standard

19. Plaintiff adopts and incorporates by reference all other paragraphs as though fully set forth herein.

20. Defendant American Standard negligently packaged the toilet. The packaging failed. The toilet fell out of the packaging when it was lifted by Plaintiff, crushing his toe.

21. Defendant American Standard negligently designed, manufactured, and selected the packaging materials and packaged the toilet in material which permitted the toilet to fall out.

22. Defendant American Standard failed to test and/or inspect, or negligently failed to correct the known defects, knowing that the packaging was defective. Had Defendant American Standard tested and/or inspected, it would have known, or should have known, that the method of packaging, or the packaging materials used, were not of sufficient strength to prevent the toilet from falling out when lifted by a potential buyer, such as Plaintiff.

23. Defendant American Standard knew or should have known that is packaging utilized for toilets of this type would fail and that the toilet would fall out. Defendant American Standard was under a duty to warn its customers, such as Plaintiff and Defendant Home Depot, that the packaging was defective and that, if the toilet fell out of the packaging, injury could result. Defendant American Standard failed to warn with regard to the defective packaging.

24. As a direct and proximate result of Defendant American Standard's negligence and carelessness, Defendant American Standard caused and/or contributed to cause serious, permanent, and progressive injuries, mental anguish, and other damages to Plaintiff for which he has and may continue to need medical care and treatment.

25. As a direct and proximate result of Defendant American Standard's negligence and carelessness, Plaintiff has incurred, and may in the future incur, medical expenses, the exact amount of which cannot be determined at this time.

26. By reason of the foregoing, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past, present, and future injuries, pre-judgment and post-judgment interest, reasonable expenses and costs, and for all other just and appropriate relief.

### COUNT III – BREACH OF IMPLIED WARRANTY
**Defendant Home Depot**

27. Plaintiff adopts and incorporates by reference all other paragraphs as though fully set forth herein.

28. Defendant Home Depot warranted that the packaging of the toilet it displayed for sale was reasonably fit for the purpose for which it was intended.

29.     Plaintiff was entitled to rely that Defendant Home Depot had or required the manufacturer/packager of the toilet to package it in a manner that was reasonably fit for the purpose for which it was intended.

30.     As a direct and proximate result of the breach of implied warranty by Defendant Home Depot, Defendant Home Depot caused and/or contributed to cause serious, permanent, and progressive injuries, mental anguish, and other damages to Plaintiff for which he has and may continue to need medical care and treatment.

31.     As a direct and proximate result of the breach of implied warranty by Defendant Home Depot, Plaintiff has incurred, and may in the future incur, medical expenses, the exact amount of which cannot be determined at this time.

32.     For the reasons stated, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

33.     By reason of the foregoing, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past, present, and future injuries, pre-judgment and post-judgment interest, reasonable expenses and costs, and for all other just and appropriate relief.

### COUNT IV – BREACH OF IMPLIED WARRANTY
**Defendant American Standard**

34.     Plaintiff adopts and incorporates by reference all other paragraphs as though fully set forth herein.

7

35. Defendant American Standard warranted that the packaging of the toilet was reasonably fit for the purpose for which it was intended.

36. Plaintiff was entitled to rely that the manufacturer/packager of the toilet packaged it in a manner that was reasonably fit for the purpose for which it was intended.

37. As a direct and proximate result of the breach of implied warranty by Defendant American Standard, Defendant American Standard caused and/or contributed to cause serious, permanent, and progressive injuries, mental anguish, and other damages to Plaintiff for which he has and may continue to need medical care and treatment.

38. As a direct and proximate result of the breach of implied warranty by Defendant American Standard, Plaintiff has incurred, and may in the future incur, medical expenses, the exact amount of which cannot be determined at this time.

39. For the reasons stated, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

40. By reason of the foregoing, Plaintiff has been damaged as described in detail herein and is entitled to fair and reasonable compensation, including all damages he is entitled to under the law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for damages in fair and reasonable sums to compensate him for past, present, and future injuries, pre-judgment and post-judgment interest, reasonable expenses and costs, and for all other just and appropriate relief.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by Jury on all issues.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the designated place of trial be in Kansas City, Kansas.

Respectfully submitted,

**DAVIS, BETHUNE & JONES, LLC**

       /s/ Wes Shumate      
SCOTT S. BETHUNE                                      #14044
WES SHUMATE                                            #23944
1100 Main Street, Suite 2930
Kansas City, MO 64105
Tel:  (816)421-1600
Fax: (816)472-5972
E-Mail:   sbethune@dbjlaw.net
               wshumate@dbjlaw.net
**ATTORNEYS FOR PLAINTIFF**